| BILLY SPAIN | * | NO. 2023-C-0491 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| H&H INVESTORS, L.L.C., ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

*JCL* **LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. I would deny the writ. I find no support in the record or in the jurisprudence for disposing of the nullity claim in this matter's current procedural posture. Every case on which the majority relies dismissed a claim on summary judgment or at trial.[1] I have not found a single case that has done so on an exception of no cause of action, let alone without affording any opportunity for amendment of the petition and without introduction of any evidence.

Construing the petition "in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf," *State, Div. of Admin., Off. of Facility Plan. & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264, p. 9 (La. 5/10/11), 63 So.3d 940, 946, it can be viewed that the petition states a cause of action for redemption nullity, because Respondent, Billy Spain, claims no notice of post-sale redemptive rights. Considering this claim along with the constitutional claims in the petition, the exception in dispute is merely a partial exception of no cause of action. Louisiana jurisprudence has "has long disfavored the granting of partial

---

[1] *Sunset Harbour v. Brown*, 22-0572 (La. App. 4 Cir. 1/9/23), 356 So.3d 1167 (summary judgment); *Cmty. Assocs., Inc. v. Taylor*, 19-0242 (La. App. 4 Cir. 7/31/19), 364 So.3d 1 (trial); *PCOF Props., L.L.C. v. Joseph*, 21-0341 (La. App. 4 Cir. 12/1/21), 332 So.3d 220 (summary judgment); *Klein v. Henderson*, 21-0317 (La. App. 4 Cir. 11/17/21), 332 So.3d 764 (summary judgment); *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015 (La. App. 4 Cir. 6/10/20), 302 So.3d 71 (summary judgment); *Precept Credit Opportunities Fund, L.P. v. Walker*, 21-0670 (La. App. 4 Cir. 6/22/22), 343 So.3d 299 (summary judgment).

1

exceptions of no cause of action." *Scott v. Zaheri*, 14-0726, p. 3 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 782-83 (citing *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993)). "The reason for this disfavor is that granting a partial exception of no cause of action fosters multiple appeals, 'which forces an appellate court to consider the merits of the action in a piecemeal fashion.'" *Parker v. Paladin Contractors, LLC*, 20-0492, p. 7 (La. App. 4 Cir. 3/3/21), 314 So.3d 1128, 1134 (quoting *Zaheri*, 14-0726, p. 17, 157 So.3d at 789). Where "the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, … the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery." *Parker*, 20-0492, p. 8, 314 So.3d at 1135 (quoting *Subaru*, 616 So.2d at 1242). Such is the case here, and overruling the exception is the proper remedy.

Moreover, the petition alone does not ascertain whether the City of New Orleans or any tax purchaser has brought any litigation to quiet title. It is prudent to deny the writ at this stage to avoid piecemeal litigation and clarify the claims with evidence introduced at the summary judgment stage or at trial.